UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT WIDVEY, | ) | CIV. 09-5044-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION AND |
| JENNIFER MINK, individually; | ) | DISMISSING CASE |
| ALAN MORRIS, individually and in | ) | |
| his official capacity; and PAULA | ) | |
| ROBB, individually and in her | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court pursuant to a complaint filed by plaintiff Scott Widvey under 42 U.S.C. § 1983. (Docket 1). Mr. Widvey, appearing *pro se*, brought suit against defendants alleging various violations of his constitutional rights. Id. Defendants denied Mr. Widvey's allegations and moved the court to dismiss the complaint for lack of subject matter jurisdiction. (Dockets 13, 14, 24, & 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this matter to United States Magistrate Judge Veronica L. Duffy for a report and recommendation. (Docket 38). On October 28, 2009, Judge Duffy submitted her report and recommendation to the court. (Docket 46). Judge Duffy found that Mr. Widvey's § 1983 complaint was barred by Heck v. Humphrey, 512 U.S. 477 (1994), and the Rooker-Feldman doctrine and, thus, recommended dismissal. Id. On December 7, 2009, and

December 17, 2009, Mr. Widvey filed objections to the proposed findings and recommendations.¹ (Dockets 55 & 58).

Mr. Widvey objects to the finding that his complaint is barred by Heck. (Docket 58 at p. 2). Mr. Widvey argues that Heck "only applies to cases that necessarily imply the invalidity of plaintiff[']s underlying criminal conviction." Id. Accordingly, Mr. Widvey asserts that Heck is inapplicable because he is not challenging the legality of the probation revocation proceedings, but rather the allegedly unconstitutional actions of the defendants prior to the revocation proceedings. Id. at p. 4. Mr. Widvey explains as follows:

> Though the defendant's unconstitutional misconduct may have led to the revocation of plaintiff's probation, the revocation was based on a preponderance of evidence and therefore the validity of plaintiff's probation revocation is not being challenged in this complaint under 1983. This claim is based on the wrongful use of the judicial process rather than the detention itself.

Id. at p. 2-3.

The court finds that Heck is applicable to Mr. Widvey's case and bars relief. Judge Duffy set forth a thorough analysis of Heck that needs not be duplicated here. However, the court notes that, in pertinent part, Heck holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

---

¹The court incorporates by reference the factual findings set forth in the report and recommendation.

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-487 (emphasis added). Mr. Widvey artfully attempts to separate the actions of the defendants from the revocation of his probation by the state courts. However, for this court to find that the defendants unlawfully violated Mr. Widvey's constitutional rights, it would necessarily call into question the validity of the state courts' determination that Mr. Widvey had violated the terms of his probation. The state circuit court held a hearing, heard the testimony of the defendants, and determined that the prosecution had presented sufficient evidence to show, by a preponderance of the evidence, that Mr. Widvey had violated the terms of his probation. The South Dakota Supreme Court affirmed the decision of the lower court. If this court were to find that Mr. Widvey's allegations against the defendants were true, then the judgment of the state courts would be called into question. That is, if Jennifer Mink made false claims against Mr. Widvey to Paula Robb, if Ms. Robb improperly failed to corroborate Ms. Mink's claims before petitioning the circuit court to revoke Mr. Widvey's probation, if Alan Morris used "a one-sided approach in an investigation which was outside the scope of his authority[,]" see Docket 1 at p. 4, and if the defendants "provided the trial court with false evidence and false testimony . . . [,]" as alleged by Mr. Widvey in his complaint, see Docket 1 at p. 2, then the rulings of the state courts cannot stand. This is precisely the

type of disguised collateral attack on a state court judgment that Heck prohibits.

In support of his objection, Mr. Widvey cites to Copus v. City of Edgerton, 151 F.3d 646 (7th Cir. 1998). (Docket 58 at p. 3). Copus is distinguishable from Mr. Widvey's case and is not persuasive. In Copus, plaintiff brought a § 1983 action against numerous state officials. Copus, 151 F.3d at 646. Plaintiff alleged that defendants violated his Fourth Amendment rights by searching his home without a warrant. Id. at 646-647. The district court dismissed plaintiff's complaint under Heck. The United States Court of Appeals for the Seventh Circuit found that Heck did not bar recovery because a Fourth Amendment violation did not necessarily call into question the validity of a conviction. Id. at 648-649. The court reasoned that, because of the independent source and inevitable discovery doctrines, a trial court may admit evidence obtained from an unlawful search. Id. at 649. Thus, the conviction may stand even if defendants' actions in obtaining the evidence were unconstitutional. Id. In such cases, Heck is not implicated because a court could find that defendants' actions were unconstitutional, thereby giving rise to money damages under § 1983, without necessarily impugning the validity of plaintiff's conviction. Id. The Seventh Circuit explained as follows:

> "[I]t is worth noting, to dispel any possible confusion, the difference between a suit premised . . . on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation . . . , and a suit that complains of official misconduct unrelated to legal process-an unconstitutional arrest without a warrant, the gratuitous beating of the arrested person . . . . In none of the . . . cases in the second

4

> category [including Copus' § 1983 suit . . .]-official misconduct unrelated to legal process-is the unlawfulness of the plaintiff's being confined pursuant to legal process an implicit or explicit ingredient of his case. The principle of Heck is therefore inapplicable to those cases (as Heck itself makes clear, see 512 U.S. at 486-87 nn. 6, 7, 114 S. Ct. 2004)."

Id. at 648 (quoting Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997)).

Mr. Widvey also argues that Heck allows § 1983 recovery for plaintiffs who do not have recourse to habeas relief because they are no longer in custody. (Docket 58 at p. 6-7). The court need not reach the merits of this argument because, at the time Mr. Widvey filed his § 1983 complaint, he was on parole, see Docket 1 at p. 1, and, thus, the remedy of habeas corpus was available to him. Jones v. Jerrison, 20 F.3d 849, 852 n. 2 (8th Cir. 1994) ("Parole status does not deprive a federal court of jurisdiction over a habeas petition . . . because a parolee is still 'in custody.' ") (additional citations omitted).

Mr. Widvey also objects to the finding that his complaint is barred by the Rooker-Feldman doctrine. (Docket 58 at p. 4). Judge Duffy set forth a thorough analysis of the Rooker-Feldman doctrine, which the court need not repeat here. Mr. Widvey argues that the Rooker-Feldman doctrine is inapplicable to his case because "the constitutional violations by the defendants were not exposed prior to the criminal trial where he was acquitted of any wrong doing." Id. Mr. Widvey maintains that the Rooker-Feldman doctrine "applies only to injuries caused by the state court's judgment, not to the injuries caused by the defendants prior to that judgment." Id. at p. 5.

5

Further, Mr. Widvey alleges that his injuries "extend well beyond" the revocation of his probation in that the "defamation of his character has left scars on . . . [his] reputation that will remain for the rest of his life." Id. at p. 4-5.

Mr. Widvey's arguments do not change the fact that his complaint is barred by the Rooker-Feldman doctrine. The Eighth Circuit has described this doctrine as follows:

> The Rooker-Feldman doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions. Thus, a corollary to the basic rule against reviewing judgments prohibits federal district courts from exercising jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. A general federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." In such cases, "where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." The state and federal claims need not be identical.

Lemonds v. St. Louis County, 222 F.3d 488, 492-493 (8th Cir. 2000) (internal citations omitted).

In the present case, if this court were to find that the defendants committed the acts alleged in Mr. Widvey's complaint, then it must also find that the state courts wrongly decided to revoke his probation. The decision of the state courts was based, in part, on the testimony provided by the defendants and the evidence found during the investigation-testimony and evidence that Mr. Widvey alleges is false. An award of money damages to

6

Mr. Widvey under § 1983 would implicitly undermine the validity of the judgment of the state courts. This veiled overruling of a state court judgment is precisely the type of attack prohibited by the Rooker-Feldman doctrine. Mr. Widvey cannot circumvent the doctrine by recasting his suit as a § 1983 action. Prince v. Arkansas Bd. of Examiners in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (citing Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1997)). "In other words, if a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again." Id. Mr. Widvey's arguments regarding when the alleged constitutional violations were exposed and what types of injuries he suffered are irrelevant to the central issue of whether Mr. Widvey's claims are inextricably intertwined with the judgment of the state courts.

The court addresses one final argument raised by Mr. Widvey. Mr. Widvey asserts that the alleged "false allegations and perjured statements" of the defendants led to the criminal trial. (Docket 55 at p. 6). Therefore, Mr. Widvey argues that the Rooker-Feldman doctrine is inapplicable because the success of his § 1983 claims against the defendants would not result in a finding that his acquittal on criminal charges was in error. Id. In fact, Mr. Widvey implies that the opposite is true-the fact that he was acquitted lends credence to his claims that the defendants acted unconstitutionally. Again, this issue is irrelevant with respect to the Rooker-Feldman doctrine because at least one state court judgment-the decision to revoke Mr. Widvey's probation-would be invalidated if Mr. Widvey's § 1983 claims proved

successful. In short, Mr. Widvey's arguments do not alter the fact that the claims raised in his complaint are barred by Heck and the Rooker-Feldman doctrine. In accordance with the above discussion and upon *de novo* review of the entire record, it is hereby

ORDERED that the report and recommendation of the magistrate judge (Docket 46) is adopted in full.

IT IS FURTHER ORDERED that Mr. Widvey's complaint (Docket 1) is dismissed without prejudice.

Dated January 15, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE